**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | No. CV-16-02367-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| N3A Manufacturing, Inc., | |
| Defendant. | |

On September 20, 2016, Best Western International, Inc. d/b/a Best Western Hotels & Resorts filed a first amended complaint against N3A Manufacturing, Inc. d/b/a Hotelure, Inc. for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment, claiming that N3A failed to comply with the terms of the parties' February 1, 2014 Endorsed Supplier Direct Order Agreement. (Doc. 27.) On September 30, 2016, N3A filed an answer (Doc. 30) which subsequently was stricken pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. (Docs. 48, 52.) On August 14, 2017, the Clerk of Court entered default. (Doc. 53.)

On August 18, 2017, counsel for N3A filed a motion to withdraw, which was denied. (Docs. 60, 63-65.) Shortly thereafter, Best Western moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 61.) In response, on September 20, 2017, N3A submitted a letter through non-counsel, asking for extension of time. (Doc. 66.) For the reasons that follow, the request for an extension will be denied and default judgment will be granted.

**I.     Motion for Extension of Time**

N3A requests an extension of time to respond to Best Western's motion because counsel has "relieved himself of the responsibilities of representing" N3A, and requests additional time to find replacement counsel. (Doc. 66.) As an initial matter, N3A's motion is improper because current counsel has not in fact been withdrawn from this case, and "[a] corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993). *See also D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." (internal quotation omitted)).

Nevertheless, the Court finds that N3A has failed show that its failure to timely respond to the motion for default judgment, or otherwise take appropriate action is due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (setting out factors for evaluating excusable neglect); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). To date, current counsel has taken no action, and no notice of appearance by new counsel has been filed. N3A has had ample opportunity to obtain alternative representation and move to set aside the default or otherwise defend against default judgment. Further, Best Western would be prejudiced by any further extension given the time that the case has been pending and the likelihood that extending the timeline would only serve to delay and add further expense before resolving this action. The Court has no reason to believe that alternative counsel would bring about a different result and set this action on course to be adjudicated on its merits. In light of the undue delay in filing the motion, the reason for the delay, and the resulting prejudice, the Court concludes that the untimely request for an extension will be denied.

**II. Motion for Entry of Default Judgment**

Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

    **A.    Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of granting Best Western's motion. N3A has repeatedly failed to timely defend this action. If the motion for default judgment is not granted, Best Western will likely be without other recourse for recovery.

    **B.    Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As outlined in Best Western's Motion (Doc. 61), the Complaint (Doc. 1) shows that it has stated valid causes of action against N3A.

    **C.    Amount of Money at Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the N3A's conduct. The Court concludes that the nature of N3A's conduct warrants the requested damages.

    **D.    Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and N3A's default, no genuine dispute of material facts would preclude granting Plaintiff's motion. *See Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect

N3A's default was not the result of excusable neglect. Due to N3A's continued failure to comply with the rules of discovery, to respond to Best Western's motions, and otherwise litigate this action, as well as Best Western's claim that the unreasonable delay prejudiced its ability to proceed with this case effectively, the Court called N3A to show cause as to why dispositive sanctions should not issue pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and set a hearing on the matter. (Doc. 48) (citing Fed. R. Civ. P. 37(b)(2)(iii) and (vi) (court may strike pleadings and direct default judgment as sanction for violating discovery order); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (discussing factors for evaluating sanctions and finding district court did not abuse its discretion by imposing sanction of default for discovery violations); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).) At the scheduled hearing held on August 14, 2017, counsel failed to appear, and as a result, the Court directed the Clerk of Court to strike N3A's answer and enter default.

### F. The Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. Moreover, N3A's failure to litigate this case impairs the progression of this case and makes a decision on the merits impractical, if not impossible. This case remains at an indefinite impasse, and N3A's ongoing noncompliance demonstrates that default judgment is warranted; undertaking any lesser measure would be unavailing. The Court therefore is not precluded from entering default judgment against N3A. *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993 (9th Cir. 2007).

### G. Attorney's Fees

In the motion for default judgment, Best Western also requests an award of attorney's fees under Ariz. Rev. Stat. § 12–341.01. Under § 12.341.01(A) the court has discretion to award attorney's fees to the prevailing party in an action arising out of a

contract. *See Merkens v. Federal Ins. Co.*, 349 P.3d 1111, 1116 (Ariz. Ct. App. 2015); *Hall v. Read Dev., Inc.*, 274 P.3d 1211, 1213 (Ariz. Ct. App. 2012). "In determining whether to award fees, the court may consider all the factors outlined in *Associated Indem. Corp. v. Warner,* but is not required to award fees to the prevailing party." *Merkens*, 349 P.3d at 1116 (citing 694 P.2d 1181, 1184 (Ariz. 1985)). Here, Best Western has not addressed the *Associated Indem. Corp.* factors for awarding attorney's fees. Having considered the record as a whole and undertaken a review of the relevant factors, the Court concludes that they do not weigh in favor of an award, and will exercise its discretion to deny attorney's fees and costs.

## III. Conclusion

Having reviewed Best Western's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. The Court finds that the declarations of Craig Solomon Ganz and Mark Straszynski and the attached exhibits sufficiently establish the amount of damages suffered by Best Western and the interest due on that amount. Accordingly,

**IT IS ORDERED:**

1. That the Motion for Default Judgment (Doc. 61) is **granted in part**;

2. That Default Judgment is entered in favor of Plaintiff Best Western International, Inc. d/b/a Best Western Hotels & Resorts and against Defendant N3A Manufacturing, Inc. d/b/a Hotelure, Inc.;

3. That Plaintiff Best Western International, Inc. d/b/a Best Western Hotels & Resorts is awarded damages in the amount of **$1,900,873.46**;

4. That Plaintiff Best Western International, Inc. d/b/a Best Western Hotels & Resorts is awarded attorney's fees in the amount **$11,938.10** pursuant to the Court's August 14, 2017 Order (Doc. 52);

5. That Plaintiff Best Western International, Inc. d/b/a Best Western Hotels & Resorts is entitled to post-judgment interest on the above sums at the rate of 2.05 per annum from the date of the entry of the judgment until paid in full; and

6. That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 23rd day of March, 2018.

Honorable Steven P. Logan
United States District Judge